**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM DONNELL SAIN,

     Petitioner,                   Case No. 2:17-12319
                                     HON. TERRENCE G. BERG

v.

SHERMAN CAMPBELL,

     Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN
FORMA PAUPERIS***

William Donnell Sain, ("petitioner"), confined at the Gus Harrison

Correctional Facility in Adrian, Michigan, seeks the issuance of a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se*

application, petitioner challenges his conviction for armed robbery,

Mich. Comp. Laws § 750.529; felony-firearm, Mich. Comp. Laws §

750.227b; and being a second felony habitual offender, Mich. Comp.

Laws § 769.10.  Respondent filed a motion to dismiss the petition, on

the ground that it was not timely filed in accordance with the statute of

limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner filed a

traverse or reply to the motion. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

## I.    FACTUAL BACKGROUND

Petitioner was convicted by a Muskegon County Circuit Court jury on June 21, 1990. Petitioner was sentenced on July 3, 1990 to thirty to sixty five years in prison on the armed robbery conviction and received a consecutive two year prison sentence on the felony-firearm conviction.

Direct review of the petitioner's conviction ended in the Michigan courts on January 31, 1995, when the Michigan Supreme Court denied the application for leave to appeal following the affirmance of the petitioner's conviction on his appeal of right by the Michigan Court of Appeals. *People v. Sain,* 448 Mich. 863, 528 N.W. 2d 739 (1995) (Table).

On July 26, 2004, petitioner filed a "Motion For Disclosure of Agreement With or Concessions With Witnesses" with the Muskegon County Circuit Court. (See Dkt. # 7-2, Pg ID 835-839). The motion was denied by the trial court on October 12, 2004. *People v. Sain,* No. 90-31833-FC (Muskegon Cty. Cir. Ct., Oct. 12, 2004) (Dkt. # 7-2, Pg ID 862).

On June 12, 2006, petitioner filed a "Motion to Obtain Records and Documents" with the trial court. Petitioner sought the production of the guilty plea transcripts from his accomplice Brian K. Brooks in this case and in an unrelated case, as well as the guilty plea transcript from prosecution witness Shenita L. Sain. Petitioner claimed he needed these transcripts to show that the prosecution had withheld evidence that these witnesses had been offered immunity in exchange for their testimony and that the witnesses had perjured themselves when they denied the existence of any such agreements at petitioner's trial. (Dkt. # 7-2, Pg ID 864-66). The judge granted this motion and ordered the production of the transcripts. *People v. Sain,* No. 90-31833-FC (Muskegon Cty.Cir.Ct., June 23, 2006).(Dkt. # 7-2, Pg ID 869). On September 8, 2006, the transcripts were sent to petitioner. See Letter from Muskegon County Circuit Court Clerk's Office. (Dkt. # 7-2, Pg ID 871).

On September 20, 2007, petitioner filed a post-conviction motion for relief from judgment with the trial court. The motion was denied. *People v. Sain,* No. 90-31833-FC (Muskegon Cty.Cir.Ct., June 2, 2008). The Michigan appellate courts denied petitioner leave to appeal. *People*

*v. Sain,* No. 292349 (Mich.Ct.App. July 21, 2009); *lv. den.* 485 Mich. 1126, 780 N.W. 2D 257 (2010).

On February 13, 2015, petitioner filed a second post-conviction motion for relief from judgment with the trial court. The judge rejected the motion pursuant to Mich.Ct.R. 6.502(G), because petitioner's motion was not based on a retroactive change in the law or newly discovered evidence. *People v. Sain,* No. 90-31833-FC (Muskegon Cty.Cir.Ct., Feb. 24, 2015).

On March 2, 2017, petitioner filed a motion for the court to take judicial notice of its own records or adjudicative facts, and to take judicial notice of facts and judicial notice of a retroactive change in law. The motion was rejected as an improperly filed successive motion for relief from judgment on May 5, 2017. *People v. Sain,* No. 90-31833-FC (Muskegon Cty.Cir.Ct., May 5, 2017)(See Muskgeon County Circuit Court Docket Entries, 92, 93, 94)(Dkt. # 7-3, Pg ID 1003).

Petitioner's habeas application is signed and dated July 11, 2017. [1]

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 11, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

## II. Discussion

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir. 1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on January 31, 1995. Petitioner's conviction became final, for purposes of the AEDPA's limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on May 2, 1995, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had a one-year grace

period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001). Absent state collateral review, petitioner was required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed his first post-conviction motion on September 20, 2007, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the one year limitations period does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because the limitations period has elapsed. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's second motion for relief from judgment also did not toll the limitations period because it was filed in the state court after the expiration of limitations period. *See Parker v. Renico,* 105 F. App'x. 16, 18 (6th Cir. 2004). In particular, a second or successive post-conviction motion for relief from judgment that is rejected by the state courts pursuant to M.C.R. 6.502(G) for being an improperly filed post-conviction motion, as

petitioner's second post-conviction motion was, is not a properly filed application for post-conviction relief that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F. 3d 729, 733 (6th Cir. 2012).[2]

The Court recognizes that petitioner filed two motions for the production of documents in 2004 and again in 2006. These motions would not qualify as an application for post-conviction or collateral review so as to toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See e.g. Johnson v. Randle,* 28 F. App'x. 341, 343 (6th Cir. 2001); *accord May v. Workman,* 339 F.3d 1236, 1237 (10th Cir. 2003); *Lloyd v. VanNatta,* 296 F.3d 630 (7th Cir. 2002); *Hodge v. Greiner,* 269 F.3d 104, 107 (2d Cir. 2001). In any event, the motions were filed after the expiration of the limitations period.

Petitioner first contends that the one-year limitations period should be delayed, at least with respect to his sentencing claim, because there has been a retroactive change in the law that supports his claim that the judge relied on inaccurate information in sentencing petitioner

---

[2] To the extent that petitioner's 2017 motion was properly construed as a third successive motion for relief from judgment and rejected on that basis, it likewise did not toll the limitations period.

in 1990.  28 U.S.C. § 2244(d)(1)(C) indicates that the one-year

limitations period can run from "the date on which the constitutional

right asserted was initially recognized by the Supreme Court, if the

right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."  A federal district

court has the ability to determine whether a newly recognized right has

been made retroactively applicable to cases on collateral review, for

purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous

provision of the statute of limitations for federal motions to vacate

sentence. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir.

2004).

Petitioner claims that the Supreme Court cases of *Montgomery v.

Louisiana,* 136 S. Ct. 718 (2016) and *Welch v. United States,* 136 S. Ct.

1257 (2016) involve retroactive changes in law that create a newly

recognized right with respect to his sentencing claim.  Petitioner's

argument is without merit.  Within his own response brief, petitioner

himself points to the cases of *Townsend v. Burke*, 334 U.S. 736, 740

(1949) and *United States v. Tucker,* 404 U.S. 443, 447 (1972), which

both recognize that a criminal defendant has a constitutional right not

to be sentenced based on inaccurate information. (*See* Traverse, Dkt. # 10, Pg ID 1017). The Supreme Court reiterated that holding again in *Roberts v. United States*, 445 U.S. 552, 556 (1980). Thus, the law supporting petitioner's inaccurate sentencing claim existed long before petitioner sought relief from his conviction in either the state or federal courts.

The cases cited to by petitioner in support of his argument that his sentencing claim is based on a retroactive change in the law do not even involve inaccurate sentencing information claims. In *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016), the Supreme Court held that their previous decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), which prohibited mandatory non-parolable life sentences for juveniles, should be applied retroactively. In *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that their previous decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which had held that the definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague, should be retroactively applied. Neither *Montgomery* nor *Welch* created a newly recognized right that supports petitioner's inaccurate sentencing claim.

Consequently, the rulings in those cases do not delay the commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).

Petitioner claims that the commencement of the one-year limitations period should be delayed because he has newly discovered evidence. Under 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one-year limitations period will begin running from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005). This time commences under § 2244(d)(1)(D) when the factual predicate for a claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). The time period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Significantly, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence

that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F. App'x. 801, 804 (6th Cir. 2002)(unpublished). Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F.3d 537, 547 (6th Cir. 2013)(quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

Petitioner initially argues in his petition that he was unaware that his sentencing was based on inaccurate information until it was brought to his attention in early 2015 after a Legal Writer (prison paralegal) had reviewed his sentencing transcript and discovered that

the judge used inaccurate sentencing information to depart above the sentencing guidelines range of 4-20 years under the Michigan Sentencing Guidelines and impose a sentence of 35-65 years on the armed robbery conviction. (Petition, Dkt. # 1, Pg ID 7).

Petitioner does not argue that he was unaware until 2015 of the factual basis for his sentencing claim, only that he did not know that the sentence was somehow legally invalid until after a fellow inmate had reviewed the transcript. Under § 2244(d)(1)(D), the time under the AEDPA's limitations period begins to run when petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when petitioner recognizes the facts' legal significance. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003); *See also Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 744-45 (E.D. Wis. 2000)(rejecting idea that limitations period did not commence under § 2244(d)(1)(D) until after the petitioner had reviewed his transcripts and discovered the claim). Petitioner does not argue that he did not have a copy of the sentencing transcript earlier. He instead appears to argue that he was unaware of the legal significance of his claim until a fellow inmate reviewed his sentencing transcript in

2015.  This does not suffice to delay the commencement of the one-year limitations period.

Petitioner further claims that he has newly discovered evidence that would delay the commencement of the limitations period, in the form of a portion of the in-store security camera videotape which he claims was suppressed, as well as evidence that several prosecution witnesses committed perjury.  Petitioner, however, was aware of these issues during his appeal of right.  Petitioner claimed several times in his first post-conviction motion and accompanying motion for an evidentiary hearing that he brought the issues of the suppressed portion of the videotape to his appellate counsel's attention, in an attempt to get him to raise this claim on his appeal of right. (*See* Dkt. # 7-2, Pg ID 792, 877, 892).  Petitioner claims he also brought the issue of the alleged perjury of the witnesses to appellate counsel's attention as well. (Dkt. # 7-2, Pg ID 801, 878, 892).  Petitioner acknowledges in his petition that he mentioned these two claims to his appellate counsel. (Dkt. # 1, Pg ID 15-17). Because petitioner was aware of the factual predicate for these two claims at the time of his direct appeal, as well as his related ineffective assistance of appellate counsel claim, the

commencement of the running of the statute of limitations would not be delayed pursuant to 28 U.S.C.§ 2244(d)(1)(D). *See Fleming v. Evans,* 481 F.3d 1249, 1258 (10th Cir. 2007); *Trice v. Hulick,* 558 F. Supp. 2d 818, 824-25 (N.D. Ill. 2008).

Petitioner finally claims that he did not find out until 2006 that his accomplice, Brian Brooks, had been offered a plea bargain in this case and in an unrelated homicide case to testify against petitioner. (See Dkt. # 1, Pg ID 23-24). Petitioner claims that he did not find out until September 9, 2006, via the state court's order of the production of transcripts, that Mr. Brooks had been involved in or had information pertaining to a homicide and that his cooperation in that unrelated case before Judge R. Max Daniels of the Muskegon County Circuit Court was part of the plea bargain to testify against petitioner in this case. Petitioner claims that he did not discover until October 17, 2006 that Mr. Brooks had been offered the same deal of leniency in the armed robbery case that petitioner was convicted of before Judge Michael E. Kobza. Petitioner claims that the prosecutor withheld evidence that Mr. Brooks had been offered leniency in either case. Petitioner argues

that had his counsel been aware of such evidence at the time of trial, it could have been used to impeach Mr. Brooks' credibility.

Petitioner does not articulate why he only learned of the plea bargain offer in his own case on October 17, 2006, when it appears that the transcripts from both cases were sent to him on September 8, 2006. Petitioner acknowledges that he knew as of September 8, 2006 about the plea bargain offer made to Mr. Brooks in his unrelated homicide case before Judge Daniels to get him to testify against petitioner. Petitioner raised this claim in his first post-conviction motion for relief from judgment, which was filed more than one year later on September 20, 2007. Because petitioner did not file his habeas petition or his state post-conviction motion within one year of obtaining information that Mr. Brooks had been offered a plea bargain in exchange for his testimony, the petition is still untimely, because petitioner failed to file his petition or his state post-conviction motion within the one-year limitations period set forth in § 2244(d)(1)(D). *See Souter v. Jones,* 395 F. 3d 577, 587-88 (6th Cir. 2005).[3]

---

[3] Assuming that petitioner did not discover the factual predicate of his claim until October 17, 2006, by the time he filed his post-conviction motion on September 20, 2007, some three hundred and thirty eight days elapsed under the statute of limitations under this calculation. Post-conviction review ended when the Michigan

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

In his response brief, petitioner appears to argue that the untimeliness of his petition should be excused because petitioner transferred between several different prisons in the years between 1997 and 2000. Petitioner claims that he spent an unspecified portion of that

---

Supreme Court denied petitioner's post-conviction appeal on March 29, 2010. Petitioner would have had only twenty seven days remaining under the limitations period, or until April 25, 2010, to timely file his habeas petition. Because his current petition was not filed until July 11, 2017, the petition is untimely even if petitioner is given the benefit of the doubt with respect to the discovery of this evidence.

time in two of those prisons in detention or administrative segregation. Petitioner claims he lost a lot of his legal materials during that time because of the prison transfers and theft from other inmates and even prison guards. Petitioner also claims that the law library facilities in the prisons were inadequate. Petitioner further claims that petitioner's attorney on his appeal of right refused to send him various documents. (See Traverse, Dkt. # 10, Pg ID 1014-1015).

The alleged denial of access to legal materials would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period. *See Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000). The right of access to the courts has never been equated with the access to legal materials. *Id.* Moreover, because petitioner has not provided any specific reasons stating how the lack of access to legal materials prevented him from filing his habeas petition on time, he has failed to establish a basis for equitable tolling. *Id.*

To the extent that petitioner claims that he was not provided a copy of his trial transcripts by the court or appellate counsel, this also would not justify equitably tolling the limitations period. "Standing alone...the unavailability of or delay in receiving transcripts is not

enough to entitle a habeas petitioner to equitable tolling." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F. 3d 745, 750-51 (6th Cir. 2011). In addition, a habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings in the state courts and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. See *Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson v. Grayson,* 185 F. Supp. 2d at 752 (citing to *Gassler,* 255 F. 3d at 495). Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts. *Id.*

In addition, equitable tolling is not called for in this case because, even without the trial court transcripts, petitioner was present at his trial and sentencing and knew what his grounds for relief were. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F. 3d at 751; *See also Lloyd v.*

*Van Natta,* 296 F. 3d at 633-634. Petitioner is therefore not entitled to equitable tolling on this basis.

Petitioner would also not be entitled to equitable tolling because of the alleged limited library facilities at the prisons where he was incarcerated during 1997-2000. This would be insufficient to justify equitable tolling, particularly in light of the twelve years that elapsed between the conclusion of his direct appeals and the filing of his state post-conviction motion. See *Hall v. Warden, Lebanon Correctional Inst.*, 662 F. 3d at 751-52 (limited access to prison law library did not justify equitable tolling when petitioner had almost ten months to timely file his petition when Ohio Supreme Court denied his motion for reconsideration of denial of his motion for delayed appeal from his conviction, but he failed to do so and instead filed unsuccessful motion in Ohio Court of Appeals to reopen his case); See also *Maclin v. Robinson,* 74 F. App'x. 587, 589 (6th Cir. 2003) (limitation of inmate's access to law library to approximately one and a half hours a week did not constitute a state-created impediment to inmate's access to courts, and thus did not toll the AEDPA's limitations period; although inmate claimed prison policy allowed for six hours of access to law library,

restrictions of library time were constitutional so long as restrictions did not deny inmate access to courts).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v.*

*Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner claims that there is a portion of the security camera videotape that was suppressed and which contains exculpatory evidence, petitioner never presented the contents of this portion of the videotape to the state courts or to this Court. To the extent that petitioner claims that this portion of the security camera footage is exculpatory or would prove his defense theory that the robbery was "staged," he is not entitled to tolling of the limitations period because this actual innocence claim is unsupported by any evidence. *Giles v. Wolfenbarger*, 239 F. App'x. 145, 147-48 (6th Cir. 2007). Although petitioner claims that the witnesses committed perjury, other than his self-serving statements, petitioner has presented no evidence that these witnesses perjured themselves. This would be insufficient to invoke the actual innocence exception to the statute of limitations. *See Murray v. Bruce,* 191 F. App'x. 688, 689 (10th Cir. 2006)(petitioner's unsubstantiated contention that state presented perjured testimony in his state court prosecution was insufficient to warrant equitable tolling of filing period for federal habeas petition on basis of petitioner's actual innocence). Although petitioner claims that he now has evidence that would establish that

Brian Brooks testified against him in exchange for a plea bargain, this is merely impeachment evidence, which would be insufficient to establish actual innocence to toll the limitations period. *See Sherratt v. Friel,* 275 F. App'x. 763, 768 (10th Cir. 2008). Any actual innocence claim is finally unpersuasive in light of petitioner's unexplained lengthy delay in pursuing his state and federal post-conviction remedies. *See Freeman v. Trombley,* 483 F. App'x. 51, 64-65 (6th Cir. 2012).

## III. Conclusion

The Court summarily denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court denies petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for

a Writ of Habeas Corpus is **SUMMARILY DENIED WITH**

**PREJUDICE.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability

is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED**

leave to appeal *in forma pauperis.*

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 25, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager
